Tel. (718) 384-9111                                                                                          Fax (718)384-5999

# LAW OFFICES OF
## BARRY R. FEERST & ASSOCIATES
### 236 Broadway
### Brooklyn, New York 11211

October 25, 2007

The Honorable Magistrate Judge Robert M. Levy
United States District Court
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Honorable Sir:                    **Re: Gutman, et al. v. Klein, et al.**
                                  **03 Civ. 1570 (BMC)**

    Defendant Zalman Klein ("Klein"), moves for relief pursuant to F.R.C.P. 37. I certify that I have in good faith attempted to confer with opposing counsel in an effort to secure discovery in question, without court intervention, but the responses have not been furnished thereby rendering nugatory hours and hours of deposition testimony given by Arye Gutman ("Gutman") and his family. Through painstaking and costly documentation, Klein will demonstrate that the 19,000 documents furnished by Gutman to date, are a sham. Gutman has successfully stonewalled discovery and intervention is necessary.

## INTRODUCTION

    During the pendency of this litigation, numerous orders and rulings relating to discovery have been entered. In addition, numerous demands for compliance with such rulings and orders have been made on the attorneys for Gutman. Each order, ruling and demand are attached hereto as Exhibits "1." through "15." and are summarized as follows:

Honorable Magistrate Judge Robert M. Levy                    October 25, 2007

| Exhibit | Summarization of Exhibit |
|---------|--------------------------|
| 1. | **9/18/03** (Entered 10/1/03 Docket #30-34): **Stipulation order** pursuant to letter agreement. Parties are to produce documents dealing with issues in state and federal litigation, including, but not limited to tax returns for all entities and individuals, documents concerning all transactions, corporate and business books and records. The essence of the Order is that full disclosure should be exchanged because, among other reasons, Klein was stayed from proceeding with his State Court claims regarding the transfer of assets and full disclosure of the financial data would, to some degree, level the playing field. |
| 2. | **12/02/03**: Letter to the court from Klein's attorney advising of breach of the So Ordered Stipulation of 9/18/03. The letter notes that Gutman's counsel states that **Gutman will not** participate in the required exchange of tax documents. |
| 3. | **2/3/04**: Minute Entry for proceedings: Agreement signed by the parties establishing **strict deadlines** for exchange of discovery. The parties agreed that these deadlines are court-ordered and may not be altered without the express written permission of the court and that the **failure to comply shall result in sanctions**. The parties agreed that **judicial enforcement is essential** to the resolution of this matter, which has languished because of years of lapsed deadlines. Schedule: 2/17/04: **production of tax returns** or, where no returns can be located, appropriate authorizations to the IRS. |
| 4. | **3/11/04**: Letter from Klein's counsel to Gutman's counsel seeking to resolve discovery issues. Tax returns that have not yet been provided are again demanded. |
| 5. | **4/2/04**: Letter from Klein's counsel to Court advising of Gutman's violation of the So Ordered Stipulation. Letter notes that Gutman's counsel again states that **Gutman refuses** to exchange documents, despite the several Orders of this court requiring same. |

Honorable Magistrate Judge Robert M. Levy          October 25, 2007

| | |
|---|---|
| 6. | **4/8/04**: Letter from Klein's counsel to Court regarding non compliance by Gutman. The letter cites Gutman's former counsel's affirmation in state case stating that **Gutman refuses** to provide documents. |
| 7. | **4/27/04**: Minute entry for proceedings regarding production of documents, including tax returns. **The parties are advised that any violation of this order may result in sanctions**. |
| 8. | **6/7/04**: Additional letter from Klein's counsel to Gutman's counsel informing of their violation of the So Ordered Stipulation as no tax returns for 185 Marcy LLC or 185 Marcy Corp. have been provided. |
| 9. | **11/7/05**: Court decision: Parties are directed to adhere to the schedules set by the Court. **Failure to comply without the express written permission of the Court will result in sanctions.** |
| 10. | **11/30/05**: Order: ...**tight discovery deadlines were imposed**, at Mr. Klein's request. |
| 11. | **12/30/05**: Court decision: Both parties to produce documents requested in litigation on or before January 13, 2006. **Documents not produced by that date will be subject party to sanctions.** |
| 12. | **2/15/06**: Discovery Order: "**Failure to comply** with the discovery schedule, absent a showing of **very good cause**, **may result in sanctions**, including but not limited to monetary sanctions **and a preclusion of claims** and defenses." |
| 13. | **3/28/06**: Scheduling Order: All parties shall make another diligent search for documents requested in this litigation and produce them on or before June 3, 2006. **Failure to comply without the express written permission of the court may result in sanctions.** |
| 14. | **2/27/07**: Order:.. However, **discovery will be expedited; deadlines** have been set which may not be altered without the **written consent of the court** and a **showing of exceptional cause**; and the parties were advised that **sanctions will be imposed for failure to comply.** |

Honorable Magistrate Judge Robert M. Levy          October 25, 2007

| | |
|---|---|
| 15. | **8/22/07**: Order: Discovery deadline extended to 10/15/07. **<u>Final</u> extension without a showing of good cause.** |

The plethora of orders and notices serves as a backdrop to the request for relief now made.

## **185 MARCY AVENUE - A BRIEF HISTORY**

185 Marcy Corp., an entity that was admittedly owned by Klein and Gutman, acquired and began the development of an office building at 185 Marcy Avenue (the "Premises"). At the end of 1999 185 Marcy LLC was organized by Gutman and the Premises was deeded to it by Gutman in his capacity as Vice President (Exhibit "16."). The Premises was thereafter operated by Gutman and his family to the exclusion of Klein. Klein's claims against Gutman arise out of Gutman's diversion of assets, dilution of Klein's actual and equitable interests in assets and the use of alter egos by Gutman to disguise his control of entities that are the transferees of diverted assets.

## **DISCOVERY**

Exhibit "1." required Gutman to produce the documents regarding including but not limited to tax returns, bank records and leases with respect to 185 Marcy LLC. Gutman has produced not one single lease, not one tax return and only the most meager of bank records[1]. Exhibit "18." summarizes the documents furnished by Gutman. Exhibit "19." indexes by bates number and summarizes the documents produced regarding 185 Marcy LLC and other entities. Many of the documents produced are mere public records, such as recorded instruments and documents relating to litigation, many of which are duplicates and triplicates, deceptively packaged in a way to bulk up the response to make it appear voluminous.

---

[1] Gutman produced a total of 34 [Bates 17638-17671] pages of bank statements for the period of January 2005 to May 2006 for the 185 Marcy LLC bank account at HSBC. Page 2 of the statement dated December 2005 was omitted. Not one page of the bank account records for the account maintained since 2005 at Park Avenue Bank have been produced. As indicated by Exhibit "17." Park Avenue Bank seeks reimbursement of $4,095.00 from Klein to produce the documents, an amount that Gutman should be required to pay.

Honorable Magistrate Judge Robert M. Levy          October 25, 2007

    Typical examples are:

    a) A three page State Court Notice of Examination before Trial dated February 18, 2003 was included **34 times** and mixed randomly between Bates 12986-16612;

    b) There are **14 duplicates** of an assignment of mortgage between Elmar and Central Equities of June 4, 1998 mixed randomly between Bates 1652-15047;

    c) An assignment of mortgage between Elmar and Jul-Jac Funding of June 4, 1998 is included **10 times** between Bates 1791-15054.

    Delay and stonewalling are Gutman's hallmarks. His modes is not complicated. For years he has succeeded in furnishing no documents while he continues to collect the income on the Premises. Towards that end, Gutman made it clear several years ago (Exhibits "2.", "5." and "6.") that he will not produce the financial documents and he has kept his word.

    In furtherance of his stonewalling, Gutman falsely testified that he furnished the leases and statements(Exhibit "20.", page 53, lines 4-7 and page 54, lines 7-8) when he did not. When we sought to determine the whereabouts of the financial documents, Gutman testified (Exhibit "20.", page 52, line 23) that 185 Marcy LLC operates only out of 185 Marcy Avenue and presumably the documents were at that location. However, it turns out that the financial documents that are being withheld by Gutman are in the possession of Gutman's daughter, Sara, who testified that she has regular access to the financial documents (Exhibit "21.", page 7, lines 15-16; page 8, lines 13-18; page 9, lines 8-9; page 10, lines 2-3; page 105, lines 18-25, page 106, lines 2-6), since she is employed as 185 Marcy LLC's bookkeeper in her home at 1529 49th Street where she maintains the financial records[2].

    Amazingly, Gutman maintains that he is a mere minority owner of 185 Marcy LLC  (Exhibit 20.", page 53, lines 4-7) and exerts no

---

[2] A Subpoena, a copy of which is attached as Exhibit "22.", which was served on Sara Singer, in the presence of her attorney, yielded not one single document concerning 185 Marcy LLC. A chart describing the documents actually furnished by Sara Singer is attached as Exhibit "23." It should be noted that the only tax returns of 185 Marcy **Corp.** submitted by Sara Singer (Bates 362-423) are tax returns that Klein furnished to Gutman after subpoena of 185 Marcy Corp.'s accountant. However, Gutman or Sara Singer have not furnished tax returns of 185 Marcy Corp. from 1996 and on and, as stated, no tax returns whatsoever have been furnished from 185 Marcy LLC. The documents furnished by Sara Singer have already been furnished by Gutman and are irrelevant to 185 Marcy LLC.

Honorable Magistrate Judge Robert M. Levy          October 25, 2007

control over its affairs. However, it was Gutman who filed the complaint in this action on behalf of 185 Marcy LLC and it is beyond dispute that he controls the litigation and 185 Marcy LLC, Park Offices LLC, Central Equities, Franklin Gardens LLC and Fulton Center LLC are paying his personal and legal expenses and the legal expenses of the Gutman entities as illustrated in Exhibit "24." The checks of Exhibit "24." Klein received by subpoenas to the banks. Attached hereto as Exhibit "25." are scanned copies of the checks of 185 Marcy LLC paying legal fees in the sum of $40,000.00 to Gutman's present counsel Oved & Oved, but still no tax returns of 185 Marcy LLC have been furnished by this entity. The feigned "hear no evil, see no evil" position just won't work any more.

### CENTRAL, B&N, GOOD PAZ, FRANKLIN and ELKY GUTMAN

The bank records of Central, B&N, Good Paz, Franklin and Elky Gutman were submitted erratically and selectively. (See Exhibit "19.") For example, 430 checks of Central were randomly submitted between Bates 4241-4671 in total disorder as to dates.

### PARK OFFICES LLC

Park Offices LLC has been handled by Gutman in the same fashion as 185 Marcy LLC. Park Offices LLC has submitted no tax returns, no bank statements, no checks, no leases, no financial documents. (See Exhibit "19.")

### ARYE GUTMAN

As can be seen from Exhibit "18.", Gutman has failed to comply with discovery as to him individually and has submitted no documents responsive to the demand.

### CONCLUSION

This litigation was commenced by Gutman in March 2003 in order to salvage a State Court case that was dismissed in December 2002 due to Gutman's non compliance with discovery (Exhibit "26.") and for over fours years Gutman, has not complied with discovery despite Stipulations, Court Orders and demands. It is therefore requested that the complaint be dismissed.

Honorable Magistrate Judge Robert M. Levy                October 25, 2007

                                                Very truly yours,
                                                **s/ BARRY R. FEERST**
                                                BARRY R. FEERST

cc: Oved & Oved LLP - ECF