UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
ARYEH GUTMAN, et al.,

                Plaintiffs,

-against-

ZALMAN KLEIN, et al.,

                Defendants.

---------------------------------------------------------------- X

**ORDER ON REPORT AND RECOMMENDATION**

03 Civ. 1570 (BMC)

**COGAN**, District Judge

This matter is before the Court on the Report and Recommendation of Magistrate Judge Robert M. Levy, dated October 15, 2008 (the "Recommendation"), which recommends that the Court enter default judgment against defendants and award plaintiffs attorney's fees and costs based on the spoliation of evidence contained on defendant Zalman Klein's laptop computer. The Court has reviewed the Recommendation and defendants' objections thereto, and adopts the Recommendation in its entirety as the decision of the Court.

Under Fed. R. Civ. P. 72(b)(3), a "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." A proper objection requires reference to a specific portion of the magistrate judge's recommendation; if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96 CIV 0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). Furthermore, even in a de novo review of a party's specific objections, the court will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance."

Kennedy v. Adamo, No. 02 CV 01776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (quoting Haynes v. Quality Markets, No. 02-CV-250, 2003 WL 23610575, at *3 (E.D.N.Y. Sept. 22, 2003)).

In objecting to the Recommendation, defendants have asserted that because "Klein objects to the [Recommendation] in its entirety, a de novo review is required of the entire report." However, this conclusory assertion contains no specific challenges to the Recommendation, and reviewing the entire matter de novo based on this generic objection would impermissibly circumvent Rule 72(b)(3). See Pall Corp., 249 F.R.D. at 51. Additionally, although defendants' objections do contain specific challenges to (1) Magistrate Judge Levy's finding that the deleted files were relevant to plaintiffs' claims; (2) Magistrate Judge Levy's acceptance of the Stroz Friedberg, LLC opinion; (3) the harshness of a terminating sanction; and (4) the inclusion of plaintiffs 185 Marcy LLC and Park Offices, LLC and defendant Dina Klein in any inquests necessary to determine damages, all of these arguments either have been, or certainly could have been, presented to Magistrate Judge Levy in the first instance. See Kennedy, 2006 WL 3704784, at *1; Defendants' Proposed Findings of Fact and Conclusions of Law on Motion for Spoliation Sanctions, Aug. 25, 2008 (Doc. #279); Defendants' Memorandum of Law on Spoliation, Aug. 15, 2008 (Doc. # 276). Therefore, de novo review on any of these challenges is improper, and the appropriate standard of review is for clear error. See Pall Corp., 249 F.R.D. at 51.

The Court has reviewed the Recommendation for clear error and has found none. On the contrary, the Recommendation is thoroughly and clearly analyzed, with no clear errors of fact or law. The Court therefore adopts the Recommendation in full as the decision of the Court, and Orders that default judgment be entered against defendants.

The Court refers this matter to Magistrate Judge Levy to conduct an inquest as to damages, including the attorneys' fees and costs associated with the discovery dispute at issue, and to render a report and recommendation on those issues. In addition, the Clerk of the Court is directed to send a copy of this Order, together with the Recommendation, to the United States Attorney for the Eastern District of New York for such action, if any, as he deems appropriate.

**SO ORDERED.**

/s/(BMC)
U.S.D.J.

Dated: Brooklyn, New York
December 1, 2008