LAW OFFICES OF

# BARRY R. FEERST & ASSOCIATES

236 Broadway, Brooklyn, New York 11211

Tel. (718) 384-9111 ♦ Fax (718)384-5999

March 24, 2009

Honorable Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11210

<u>Re: Aryeh Gutman, *et al*. v. Zalman Klein, *et al*.
Case No. 03 CV 1570(BMC)(RML)</u>

Honorable Sir,

    Ignoring previous directions from the Court to cease needless letter motion practice, the Oved firm's latest missive dated March 17, 2009 to "apprise" the Court of another decision is in reality a motion to supplement their already exaggerated previous submissions. However, this Court has rules and has issued final scheduling orders. Oved's letter-motion is a violation of both, this Court's rules and the Court's final order from March 2, 2009 which already granted Oved an extension to file a reply.

    Must Klein expect yet another "letter" to follow demanding that the Court increase the award of attorney's fees by yet another astronomical amount? After all, a partner and senior associate had to read the New York Law Journal and to confer and write such an exhaustive analysis of the decision. Perhaps such exertion was warranted by the need given, to distort and contort the proffered opinion to mean it's opposite. But now that Oved is attempting to compare its rates to Orrick, Herrington & Sutcliffe and Weil, Gotshal & Manges, nothing is surprising.

    Additionally, in order to induce me to agree to an extension of time for their reply papers, Oved lied and misled me by representing that they would not respond to the arbitration issue addressed in our Memorandum of Law, except to state that it is "inapplicable." Their argument in opposition to the arbitration issue is a lot more than that.

    Finally, in its Memorandum of Law, Oved attacks Klein by asserting that "Defendants shamelessly argue that the Court should reduce the hourly rates the Plaintiffs actually paid in order to "discipline the market," by stepping into the shoes of the reasonable paying client who wishes to pay the least amount necessary to litigate the case effectively."

Honorable Robert M. Levy                                March 24, 2009
                                                        P. 2 of 2

    The only shameless element is Oved's insinuation that Gutman actually paid its fees and a blatant omission of the fact that the language in question refers to a direct quote from <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 522 F.3d 182, 183-84 (2d Cir. 2008), the first case that Oved itself sites to support the "reasonableness" of their fees and the controlling opinion on the issue in this District. Pg. 5 PL. Reply Memorandum. In fact, the full quote is "Indeed, the district court (unfortunately) bears the burden of disciplining the market, stepping into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively."(*Id*. 184).

    It is this mixture of scorched earth tactics, chutzpa and disingenuousness that characterize Oved's submissions and inflated time records and is yet another reason to reduce its fees. If Oved believes that it runs the Courthouse it should be taught otherwise by its letter motion being stricken from the record.

                                                 Very truly yours,

                                                           /S/

                                           **BARRY R. FEERST**

Oved & Oved – via ECF