FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 13 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X

ARYEH GUTMAN, et al.,

                Plaintiffs,

    -against-

ZALMAN KLEIN, et al.,

                Defendants.

----------------------------------------------------------- X

**ORDER ON REPORT AND RECOMMENDATION**

03 Civ. 1570 (BMC)

**COGAN, District Judge.**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Robert M. Levy, dated July 17, 2009 (the "Recommendation"), which recommends that the Court award plaintiffs $261,567.50 in legal fees and $26,162.22 in costs associated with the spoliation of evidence contained on defendant Zalman Klein's laptop computer. The Court has reviewed the Recommendation and defendants' objections thereto, and for the reasons that follow adopts the Recommendation, with a slight modification, reflecting the recent Second Circuit precedent on out-of-district hourly rates, decided shortly after Judge Levy's Recommendation.

Under Fed. R. Civ. P. 72(b)(3), a "district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." A proper objection requires reference to a specific portion of the magistrate judge's recommendation; if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96 CIV 0324, 2002 WL 335014, at *1

1

(S.D.N.Y. Mar. 4, 2002)). Furthermore, even in a *de novo* review of a party's specific objections, the court will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02 CV 01776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (quoting Haynes v. Quality Markets, No. 02-CV-250, 2003 WL 23610575, at *3 (E.D.N.Y. Sept. 22, 2003)). Defendants have set forth two bases for their objections: (1) the Recommendation erroneously considered Southern District hourly rates and (2) the Recommendation ignores defendants' previous objections to the reasonableness of the number of hours expended in the spoliation dispute.

Defendants assert, and plaintiffs concede that defendants' first challenge with respect to the appropriateness of the hourly rate is subject to a *de novo* review. I agree.

Before Magistrate Judge Levy, the parties disputed whether the relevant "community" for the purposes of calculating fees was the Eastern District of New York, or the broader metropolitan area, including the district in which the plaintiffs' firm is located, the Southern District of New York. In the Recommendation, Judge Levy considered both Southern District and Eastern District rates, noting that it was "within the court's broad discretion to consider the unique circumstances of lawyers in New York City who practice in two different federal jurisdictions within the same city," and that courts within the Eastern District routinely deem it "appropriate to establish fees by taking into account the rates charged by lawyers in the Southern District of New York." New Leadership Comm. v. Davidson, 23 F. Supp. 2d 301, 305 (E.D.N.Y. 1998); Luca v. County of Nassau, No. 04 CV 4898, 2008 WL 2435569, at *9 (E.D.N.Y. June 18, 2008) (considering Southern and Eastern District rates because "the border between the Eastern and Southern Districts of New York is uniquely permeable."); Nicholson v.

Williams, No. 00 CV 2229, 2004 WL 4780498, at *11 (E.D.N.Y. April 5, 2004) (emphasizing the Eastern District's close proximity to the Southern District and observing that "[c]ounsel who are located in Manhattan, and who have developed certain expertise...should not be penalized for representing clients in the Eastern District").

But the Second Circuit, as defendants point out, altered the reasonable hourly fee analysis subsequent to the issuance of the Recommendation. A district court must now presumptively award the prevailing rate within the district unless the party seeking fees "persuasively establish[es] that a reasonable client would have selected out-of-district counsel because doing so would likely (not just probably) produce a substantially better net result." Simmons v. N.Y. City Transit Auth., 575 F.3d 170 (2d Cir. 2009). While this Court does not doubt that the practice of considering the Southern and Eastern District rates was common at the time the Recommendation was issued, Magistrate Judge Levy's approach in calculating hourly rates can no longer be adopted in light of Simmons.[1]

---

[1] Although I am of course bound by Simmons, there remain concerns with requiring litigants to justify their attorney selection by proving that a reasonable client would have selected a Southern District attorney because it would "likely produce a substantially better net result." As noted above, the border between the Eastern and Southern Districts of New York is uniquely permeable. United States v. Hart-Williams, 967 F. Supp. 73, 79 (E.D.N.Y. 1997) (observing that it is "possible to walk from the United States Courthouse in Brooklyn, across the Brooklyn Bridge, to the United States Courthouse in Manhattan"). Imposing the Simmons burden on litigants ignores the "geographic reality and its economic consequences" in New York City. Luca v. County of Nassau, No. 04 CV 4898, 2008 WL 2435569, at *9. As Judge Gershon has cautioned, the hourly rate analysis, "should not be read so strictly as to create an unreasonable disincentive for Manhattan-based attorneys to bring...suits in Brooklyn." New Leadership Comm. v. Davidson, 23 F. Supp. 2d 301, 304 (E.D.N.Y. 1998).

A purely geographic lodestar also ignores the practical reality of practicing law in New York, which the docket of this Court reflects. Of lawyers that currently appear before this Court, 307 of the lawyers have offices in the Eastern District, while 727 of the lawyers have offices in the Southern District. This raises the question of exactly what is the bar that practices in this district. Indeed, much less travel time is chargeable to clients coming from Manhattan to this Court than from Riverhead, which is within this district. Moreover, the two district courts have recognized the significant overlap between attorneys practicing in the Southern and Eastern Districts by adopting a single set of Local Rules for both districts. Even Congress has recognized the overlap by allowing an exception from the normal district-only residence requirement for U.S. Attorneys and federal judges, an exception which permits United States attorneys and federal judges, unlike any other district except the District of Columbia, to reside in one district and work in the other. See 28 U.S.C. § 545(a) (U.S. Attorneys); 28 U.S.C. § 134(b) (district court judges).

That being said, Judge Levy reduced the requested hourly rate by one-third based on his familiarity with the going rates for the type of legal services plaintiffs' counsel provided. This reduction, from between $450 and $600 for partners to $300 and $400; from between $300 and $450 for senior associates to $200 and $300; and from between $150 and $300 for junior associates to $100 and $200, brings the awarded hourly rates within the Eastern District range. See Rodriguez v. Pressler & Pressler, LLP, 06 Civ. 5103, 2009 WL 689056 at *1 (E.D.N.Y. March 29, 2009) (hourly rates of $450 and $300 reasonable for the Eastern District).[2] Thus, I see no reason for a further reduction in the award, despite the new hourly fee methodology set forth by the Second Circuit.

Defendants' challenge to plaintiffs' time entries was considered and rejected by Judge Levy. There has been no subsequent ruling by the Second Circuit here which would alter the Judge's conclusion and defendants' objection is simply an attempt to reargue the issue. In fact, much of the objection to the Recommendation is cut and pasted from defendants' original brief in opposition. Clear error is therefore the appropriate standard of review. Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) ("[w]here a party...simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.") (internal citation omitted).

The Court has reviewed the Recommendation for clear error with respect to time entries and has found none. On the contrary, the Recommendation is thoroughly and clearly analyzed,

---

This is just part of the reality that law is now practiced in an environment where law firms maintain multiple offices nationwide, attorneys maintain multiple federal bar admissions and have national practices, and modern telecommunications permit court appearances by video and telephone. It may be that the concept of a geographically-based as opposed to case complexity-based lodestar will someday have as much relevance to the selection of an attorney as dinosaurs have to birds.

[2] While Judge Levy noted that $450 per hour was at the "high end of the spectrum," for the Eastern District I see the higher amount as a function of costlier legal fees, more generally, rather than resulting from particular legal expertise.

4

with no clear errors of fact or law. The Court therefore adopts the Recommendation, with respect to the number of hours plaintiffs' counsel expended, as the decision of the Court.

Accordingly,

**IT IS HEREBY ORDERED THAT** plaintiffs' counsel be awarded a total of $261,567.50 in legal fees and $26,162.22 in costs.

**SO ORDERED.**

/s/(BMC)
_____
U.S.D.J.

Dated: Brooklyn, New York
       October 9, 2008 09