OVED & OVED LLP
ATTORNEYS AND COUNSELORS AT LAW
101 AVENUE OF THE AMERICAS
15TH FLOOR
NEW YORK NY 10013-1991
WWW.OVEDLAW.COM

TELEPHONE 212 226 2376                                                                 FACSIMILE 212 226 7555

July 21, 2010

**VIA ECF**

Honorable Robert M. Levy
United States Magistrate Judge
United States District Court
 Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11210

          Re:    *Aryeh Gutman, et al.v. Zalman Klein, et al.*
                 **Case No: 03 Civ. 1570 (BMC)(RML)**

Dear Judge Levy:

      This law firm represents Plaintiffs in the above-referenced matter, and writes in response to Defendants' continued attempts to supplement the record piecemeal. As the Court is aware, by letter dated July 20, 2010 attaching a "supplemental" declaration of Zalman Klein, Defendants proffered Klein's unsubstantiated testimony and a closing statement containing the unremarkable revelation that Klein assumed a $600,000 mortgage and paid $390,000 at the closing for the sale of the Weiner Subdivision. Unsurprisingly, this non-bates stamped document <u>does not demonstrate the source of the funds</u> exchanged at the closing <u>or</u> used to pay off the purportedly assumed mortgage, nor does it disprove that WGA and/or A to Z funds were the source of funds for this transaction. Mr. Klein's attempt to account for those funds by simply stating they came from, *inter alia*, payments by other third-parties, the forgiveness of an unspecified debt and an unquantified cash payment is just the most recent example of the mathematical gymnastics pervasive in Defendants' opposition to Plaintiffs' damages submission.[1]

      Defendants' initially asked this Court to open the record and consider testimony given by Mr. Gutman during a recent deposition, but have now transformed that relatively simple request into a second inquest by submitting testimony and documents (albeit irrelevant documents) they

---

[1] As if the Court needs further evidence of Klein's lack of candor and willingness to say anything that will serve his immediate interest, Klein's reference to Nat Greenfeld as a "third party with no connection to WGA" (Doc. No. 411 at ¶ 8) directly contradicts his previous statement that Nat Greenfeld was one of the founders of WGA. Doc. No. 326 at ¶ 241 ("[WGA] was a partnership that was initially organized by myself, Nat Greenfeld...and Herman Frederick...").

chose not to submit in the first instance.[2] Accordingly, Plaintiffs will not substantively respond to Defendants' improper submission unless the Court directs them to do so. It is therefore respectfully requested that Defendants' application be denied and that Defendants' submissions be stricken as part of their motion. If, however, the Court accepts Defendants' most recent submission, Plaintiffs respectfully request the opportunity to provide a fulsome response to the impertinent statements and documents contained therein.

We thank the Court for its continued time and attention to this matter.

Respectfully submitted,

Darren Oved

cc: Anthony L. Paccione, Esq. *(via ECF)*

---

[2] Even if the Court ignores (1) the reference to the Weiner Subdivision in the Amended Complaint (Doc. No. 26 at ¶ 65), and (2) Plaintiffs' letter seeking to compel discovery regarding the Weiner Subdivision (Doc. No. 142), and accepts Klein's statement that he had no idea Plaintiffs' were seeking damages flowing from the purchase of the Weiner Subdivision until their initial damages submission, Defendants have still not proffered a justifiable excuse for failing to offer this "closing statement" in opposition to that submission. *See John v. Sotheby's, Inc.*, 858 F.Supp. 1283, 1288 (S.D.N.Y. 1994) (refusing to open the record to admit evidence plaintiff made the deliberate strategic choice not to offer in the first instance). Moreover, Klein's claim that he produced this non-bates stamped document in discovery, if true, belies his current contention that he had no idea the purchase of the Weiner Subdivision was a source of Plaintiffs' claimed damages.