UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 1 6 2011 ★

BROOKLYN OFFICE

---------------------------------------------------- X

ARYEH GUTMAN, et al.,

                Plaintiffs,

-against-

ZALMAN KLEIN, et al.,

                Defendants.

---------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

03 Civ.1570 (BMC) (RML)

**COGAN**, District Judge.

This case is before me on defendant Dina Klein's motion to set aside the default against her. I referred the motion to Judge Levy, and he has since issued a report and recommendation. Klein objected to the report. I reject all her objections and adopt the report in full.

## BACKGROUND

Familiarity with the background of this seven-year litigation is assumed, and the facts, as they relate to the present motion, are therefore set forth only briefly below. This Court has previously found that defendant Zalman Klein spoliated potentially crucial evidence on his laptop. I adopted Judge Levy's previous report recommending that defendants be sanctioned with a default judgment entered against them. In their objections to that report, defendants appeared to argue in passing that it was inappropriate to enter a default against Dina Klein ("Klein") – an objection I declined to entertain because it was not raised before Judge Levy. More than twenty months later, Klein moved to vacate the default judgment against her. I referred the matter to Judge Levy, and he has since issued a report recommending that her motion be denied.

1

In this report, Judge Levy noted the numerous submissions that Klein has jointly filed during the pendency of this litigation – including ones pertaining to the spoliation issue – and observed that the typical analysis employed by the courts in this Circuit, addressing motions to vacate judgments against *non*-appearing defendants, is ill-suited for the present motion. But Klein insisted on this standard and Judge Levy applied it, finding that the default was willful, that setting it aside would prejudice plaintiffs, and that Klein has not presented a meritorious defense.

Describing a pattern of conduct that showed willfulness, the report notes Klein's joint defense of this case for over seven years, her recent retention of separate counsel, and the near two-year delay in making the motion to vacate. The report finds that vacatur would be prejudicial to plaintiffs because the spoliation of the evidence, which led to the entry of default, undermined plaintiffs' ability to litigate against Klein. Judge Levy also dismissed Klein's argument that she had a meritorious defense as she presented nothing but conclusory statements. Finally, Judge Levy found no evidence that Klein made a mistake in good faith or that the default would bring an unfair result.

Klein objects to the report. She argues that Judge Levy should not have factored her delay in bringing the present motion to find willful conduct, and for this part of the inquiry, should have focused exclusively on the reasons leading to the default – the spoliation of evidence. To this end, she claims that there was no indication that she participated in the spoliation of her husband's computer or that she could have prevented it. She disagrees that vacatur would prejudice defendants, arguing that the bulk of the evidence could not have been lost by spoliation. As for her meritorious defense, she again points to her and her husbands'

2

declarations, as well as her deposition, to show that the report erred in concluding that she was complicit in her husband's actions.

## DISCUSSION

### I. Standard of Review

A district court judge may refer certain matters, including motions for damages and sanctions, to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1). The district court must consider the portions of the report to which objections are timely made *de novo*. Id.; see United States v. Padilla, 06-CR-824, 2007 WL 1958894, at *1 (E.D.N.Y. June 29, 2007). But the *de novo* review requires the district court neither to "rehear the contested testimony" nor to "conduct a new hearing on contested issues." United States v. Raddatz, 447 U.S. 667, 674-75 (1980).

The statute "permit[s] whatever reliance a district judge, in the exercise of sound judicial discretion, [chooses] to place on the magistrate's proposed findings and recommendations." Id. at 676. "Normally, the judge, on application, will consider the record which has been developed before the magistrate and make his own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate." Id. at 675; see also United States v. Taylor, 92 F.3d 1313, 1326-27 (2d Cir. 1996) (discussing Raddatz). In making its final determination, the district court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)). But the court is not required to review uncontested portions of the R&R. See United States v. Mackay, 07-CR-488, 2008 WL 4146359, at *1 (E.D.N.Y. Sept. 8, 2008) (citing Thomas v. Arn, 474 U.S. 140, 150 (1985)).[1]

---

[1] As is the custom in this case, the substance of at least some of the objections before me are reiterations or summaries of the arguments rejected by Judge Levy in his report, which the Court could review for clear error. See

3

## II. Analysis

Courts in this Circuit have traditionally relied on three factors to analyze motions to set aside entries of default: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993) (also noting that "[o]ther relevant equitable factors may also be considered"). I concur with Judge Levy's view that this framework, if applied rigidly, is a particularly odd fit given the circumstances of this case. Nevertheless, Klein does not dispute its application in her objections, and therefore, like Judge Levy, I assume it applies. In her objections, however, Klein attempts to get around the first factor – whether her conduct was willful – by arguing that the sole focus of the inquiry should be whether she willfully caused the default.

This objection is overruled. Klein cannot have her cake and eat it too – if she seeks to have the default vacated under the three-part test, then each factor must be applied in light of the unusual facts surrounding the default. In the context of a non-appearing defendant, the reasons for the default drive this part of the analysis, see e.g., American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996), but here they are no more relevant than Klein's decision to stand on the default judgment for almost two years. See e.g., Dominguez v. United States, 583 F.2d 615, 617-18 (2d Cir. 1978) (declining to vacate a judgment where counsel delayed 10 months to move for vacatur). Klein's strategic decision to make the present motion only after she exhausted other, joint avenues of her defense, is no less an affront on an "orderly and efficient administration of justice" then intentional non-appearance. Enron Oil Corp., 10 F.3d at 96.

---

e.g., New York District Council of Carpenters Pension Fund v. Perimeter Interiors, Inc., 657 F. Supp. 2d 410, 414 (S.D.N.Y. 2009) ("When a party . . . simply reiterates his original arguments, the Court reviews a magistrate judge's report and recommendation for clear error."). To avoid confusion, I review all the objections *de novo*.

4

Although I conclude that Klein's delay in filing the motion is sufficient to find her conduct willful, I am also not convinced by Klein's argument that Judge Levy erred in finding that she was involved in the spoliation. As the report points out, Klein was president of two of the entities from which plaintiffs requested documents. Even assuming that Klein could only be connected to the spoliation through these two entities, her new claim that this is irrelevant because any documents from the two predated her husband's laptop and computerized records is unpersuasive. For support, she cites to plaintiffs' request for records relating to a purchase made in 1988-89. It is unclear how this one request – one of the few made from the entities in this letter alone – proves that *none* of the documents spoliated related to any that were under Klein's control.

For her second objection, Klein argues that plaintiffs would not be prejudiced if the default against her were vacated because the missing records either do not pertain to any of plaintiffs' claims or are a matter of public record. This objection is overruled as it is an attempt to re-litigate the merits of the default entered by this Court. The time to make this argument – by defendants or by Klein alone – was before the default judgment was entered or in a motion for reconsideration after the entry of default. I agree with the present report's finding that vacatur would be prejudicial to plaintiffs. It would not result in delay alone, but would lead to difficulties in discovery and "greater opportunity for fraud." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983).

Finally, I reject Klein's claim that she has "for the first time" unearthed evidence for a meritorious defense. She bases this argument on her and her husband's declarations and her deposition as well as on the "total absence of any facts to support the plaintiffs' bald conclusion that Dina Klein participated in a misappropriation of the plaintiffs' assets or conspired with the

defendants to do so." As Judge Levy explained, while plaintiffs have connected Klein to the fraudulent transfer of assets, Klein has offered nothing but "uncorroborated avowals . . . [which] do not constitute a complete defense to the charges against her." I agree with this observation – Klein has still presented no "evidence beyond conclusory denials." Enron Oil Corp., 10 F.3d at 98.

## CONCLUSION

For the reasons stated above, the Report and Recommendation [450] is adopted in full. Dina Klein's Motion to set aside the default against her [418] is DENIED. The Court will enter final judgment in accordance with this and its prior Orders. It will enter a separate judgment for the attorneys' fees already determined and those incurred in opposing subsequent objections at the time the Court makes its final determination of attorneys' fees. Plaintiffs may seek recovery for the latter by March 4, 2011; any opposition to this application must be filed by March 25, 2011.

**SO ORDERED.**

_____
/s/ U.S.D.J.

Dated: Brooklyn, New York
February 15, 2011