# SAVAD | CHURGIN

### ATTORNEYS AT LAW

Paul Savad
Joseph A. Churgin

Susan Cooper
Donna Sobel

Of Counsel:
Mark F. Goodfriend
Andrew Cohen
James McEnroe

55 OLD TURNPIKE ROAD – SUITE 209
(Rt. 59 & THRUWAY EXIT 14)
NANUET, NEW YORK 10954

(845) 624-3820

j.churgin@savadchurgin.com
Fax: (845) 624-3821

Website:
SavadChurgin.com

February 6, 2013

The Honorable Brian M. Cogan, USDJ
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Aryeh Gutman, *et al.* v. Zalman Klein, *et al.*
      03-CIV-1570 (BMC) (RML)
      <u>Request for Pre-Motion Conference to Quash or Modify Subpoenas</u>

Your Honor:

We write to respectfully request a pre-motion conference to discuss a motion to quash and/or to modify two subpoenas served on non-parties by plaintiffs' attorney, Victor Worms, apparently in aid of enforcement of a judgment entered in the referenced action. One subpoena was served on Westwood Equity NY Corp. ("Westwood"), and is returnable February 11, 2013, (*Exhibit A*, attached). The other was served on Susan Cooper, an attorney in this law firm, and is returnable on February 12, 2013, (*Exhibit B*). The Westwood subpoena includes a list of requested documents. The Cooper subpoena does not, although the subpoena refers to an attachment. Westwood was also served with an information subpoena and restraining notice (*Exhibit C*).

On January 24, 2013, we sent Mr. Worms a letter by email and regular mail requesting that Westwood's subpoena be adjourned until the week of February 24, 2013, as the witness was not available until then (*Exhibit D*). The letter also requested that the Cooper subpoena be withdrawn, and in any event rescheduled.

Mr. Worms responded five days later, on January 29, 2013, that he could not adjourn the deposition for Westwood, and would not withdraw the Cooper subpoena (see *Exhibit E*, all email exchanges referred to in this letter, arranged chronologically). Joseph Churgin of this law firm then asked Mr. Worms why he would not adjourn the Westwood deposition after being told that the witness would be out of state. Mr. Worms said he would reconsider if he knew who the witness was. In response, Mr. Worms was told that the witness for Westwood would be Paul Savad.

On January 31, 2013, Mr. Worms refused to adjourn the deposition, threatening a motion for contempt.

**Westwood subpoena**

We seek to quash the Westwood subpoena insofar as it is returnable on a date when the witness is out of state, and where a short adjournment is proper. Alternatively, we seek to modify the subpoena to be returnable on either February 26, or 27, or 28, 2013.

Paul Savad is the sole shareholder of Westwood. He is 71 years old, and has plane reservations to return to NY from Florida on February 26, 2013, arriving in Westchester County Airport at 10:48 a.m. that day (see *Exhibit F*). He will make himself available on either of the next two days at a mutually convenient time.

**Cooper subpoena**

We seek to quash the subpoena served on Ms. Cooper. Although nothing in the Cooper subpoena reveals the subject matter of the testimony sought, we assumed that the subpoena was intended to include the same document attachment as was included in the Westwood subpoena, even though there was no attachment to the Cooper subpoena. The simultaneous service on Ms. Cooper of an information subpoena seeking information on Westwood also suggested that Westwood is the subject of the subpoenaed testimony.

On February 1, 2013, Mr. Worms and I were both in court on another case. I asked him why he wouldn't adjourn Mr. Savad's deposition, and what his basis was for serving me. He advised that he served me because I had notarized Mr. Savad's signature for Westwood on a recorded document that he identified as a mortgage.[1] I advised Mr. Worms that whatever I know about Westwood is protected by attorney-client privilege, and that he probably will not need to depose me once Mr. Savad testifies for Westwood. He said he would reconsider adjourning Mr. Savad's deposition, and in any event, he would reschedule my deposition after he deposed Mr. Savad.

On February 4, 2013, Mr. Worms orally advised Mr. Churgin that he would not adjourn Mr. Savad's deposition, and made no mention of my deposition.

Accordingly, we request that the Cooper subpoena be quashed, as her testimony would be limited to confirming her notary on whatever document Mr. Worms may have, and would at best be cumulative. Alternatively, we request that the Cooper subpoena be modified to be returnable after Mr. Savad's deposition at the end of the month, but in any event, not next week.

**Conclusion**

For these and other reasons, we respectfully request a pre-motion conference to discuss quashing or modifying the subpoenas served.

---

[1] We are not aware of any Westwood mortgage containing Mr. Savad's signature and my notary. If there is such a mortgage, it is likely one of the transactional documents that I am at times asked to notarize in matters that I do not handle and would not have read.

2

Respectfully Submitted,

SUSAN COOPER (SC5433)

SC/as

cc:     Victor A. Worms (VIA: electronic filing and E-mail)